**Anayeli PULIDO–TORREZ, aka Anayeli Pulido–Montiel, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 06–72727, 06–73708.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

David Andrew Schlesinger, Esquire, Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner.

CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Fran-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cisco, CA, Jessica Eden Sherman, Esquire, Trial, Michelle Gorden Latour, Esquire, Assistant Director, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Anayeli Pulido–Torrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying her motion to remand and dismissing her appeal from an immigration judge's decision denying her application for cancellation of removal (No. 06–72727), and denying her motion to reconsider (No. 06–73708). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review in No. 06–72727, and we deny the petition for review in No. 06–73708.

■ We lack jurisdiction to review the agency's discretionary determination that Pulido–Torrez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005).

■ The evidence Pulido–Torrez presented with her motion to remand, including evidence regarding hardship to her son and mother, concerned the same basic hardship grounds previously considered by

the agency. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's conclusion that the evidence would not alter the agency's prior discretionary determination that Pulido–Torrez failed to establish the requisite hardship. *Id.* at 600.

Pulido–Torrez's contention that the BIA violated due process by failing adequately to consider the evidence is unpersuasive. *See id.* at 603–04. Moreover, we are not persuaded that the BIA applied an incorrect legal standard in determining that remand was not warranted.

■ In her opening brief, Pulido–Torrez fails to address, and therefore has waived any challenge to, the BIA's denial of her motion to reconsider. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

No. 06–72727: **PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

No. 06–73708: **PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.